IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JOSHUA BRITT, <br><br> Defendant. | 8:19-CR-28 <br><br> **ORDER** |

This matter is before the Court on the Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing 190) and related Motion for Appointment of Counsel (Filing 196), Motion for Evidentiary Hearing (Filing 197), and Motion for Discovery (Filing 200) filed by Defendant, Joshua Britt. Defendant also seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Filing 201. The Court examines each motion below and ultimately denies all requested relief and declines to grant a certificate of appealability.

**I. BACKGROUND**

Defendant pled guilty to Count I of the Superseding Indictment (Filing 76) which alleged a violation of 18 U.S.C. §§ 1951-52: Hobbs Act Robbery. Filing 136 at 1. Based on a total offense level of 32 and criminal history category II, the Probation Office recommended a sentence of 135 months followed by three years of supervised release. Filing 133. Defendant objected to the Revised Presentence Investigation Report ("RPSR"), arguing he should be given a four-level reduction for being a minimal participant under United States Sentencing Guidelines ("U.S.S.G.") § 3B1.2. Filing 117. Defendant also sought a downward variance or departure in an effort to obtain a final sentence of 84 months. Filing 119; Filing 120.

1

At sentencing, the Court granted, in part, Defendant's objection to the RPSR and awarded a two-level reduction for his role in the offense. *See* Filing 137 at 1. This reduced the total offense level to 30, resulting in a guideline range of 108 to 135 months. Filing 137 at 1. The Court denied Defendant's motion for downward variance or departure, *see* Filing 129, and ultimately sentenced Defendant to 135 months of incarceration to be followed by three years of supervised release. Filing 60. Defendant then submitted the pending § 2255 Motion alleging ineffective assistance of counsel. Filing 190. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases for the United States District Courts, the Court examined Defendant's motion and directed the United States to respond. Filing 193. Shortly thereafter, the United States filed an Answer (Filing 194) and Response (Filing 195). Defendant then filed related motions seeking appointment of counsel, *see* Filing 196, an evidentiary hearing, *see* Filing 197, and discovery, *see* Filing 200. He also filed a compassionate release motion. Filing 201. Those five motions are pending before the Court.

## II. ANALYSIS

Defendant first seeks relief due to alleged ineffective assistance of counsel in his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Filing 190. Related to that motion, he also seeks appointment of counsel, *see* Filing 196, an evidentiary hearing, *see* Filing 197, and discovery, *see* Filing 200. Because appointment of counsel, a hearing, and discovery are necessary only if the Court does not dismiss the § 2255 motion, the Court will first consider the § 2255 motion before addressing the related motions. Finally and unrelatedly, the Court will consider Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Filing 201.

### A. 28 U.S.C. § 2255 Motion

Defendant seeks post-conviction relief on the basis of ineffective assistance of counsel.[1] *See* Filing 190. Defendant raises five allegations of ineffective assistance of counsel: (1) failure to investigate the case by interviewing witnesses; (2) failure to prepare for trial; (3) provision of erroneous legal advice; (4) failure to object to sentencing enhancements; and (5) failure to advise of any lack of knowledge defense. Filing 190 at 4, 15-18. The Court will first examine the applicable legal standards before addressing Defendant's five arguments and the issue of whether a certificate of appealability is necessary or will issue. Ultimately, the Court denies Defendant's motion in its entirety and declines to issue a certificate of appealability.

1. Applicable Law

28 U.S.C. § 2255(a) provides a mechanism for relief if a prisoner is in custody due to a "sentence . . . imposed in violation of the Constitution or laws of the United States." Upon receipt of a motion requesting such relief, the Court "shall . . . grant a prompt hearing thereon." 28 U.S.C. § 2255(b). However, no hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "A petitioner's allegations must be accepted as true and a hearing should be held unless they are contradicted by the record, inherently incredible, merely conclusions, or would not entitle the petitioner to relief." *Dat v. United States*, 920 F.3d 1192, 1194 (8th Cir. 2019) (quoting *Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012)). To establish ineffective assistance of counsel under § 2255, a defendant must overcome a "heavy burden." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). The defendant must satisfy

---

[1] Section 2255(f)(1) provides that a motion under that section may be filed within one year from "the date on which the judgment of conviction becomes final." Defendant was sentenced on January 15, 2020, and did not appeal. *See* Filing 131 at 1. He filed his § 2255 within a year of that date, *see* Filing 190, and thus his motion is timely under 28 U.S.C. § 2255(f)(1).

both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), requiring deficient performance by counsel and prejudice resulting therefrom. The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id*. at 687-89, 104 S. Ct. at 2064-66, 80 L. Ed. 2d 674. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id*. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d 674. In the guilty plea context, "a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson v. United States*, 682 F.3d 740, 745 (8th Cir. 2012) (citing *Hill*, 474 U.S. at 57, 106 S. Ct. at 369, 88 L. Ed. 2d 203).

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id*. at 687, 104 S. Ct. at 2069, 80 L. Ed. 2d 674. Finally, "scrutiny of counsel's performance must be highly deferential," and there is a "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional assistance." *Ford v. United States*, 917 F.3d 1015, 1020 (8th Cir. 2019) (quoting *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065, 80 L. Ed. 2d 674). Defendant alleges his counsel was ineffective for failing to investigate his defense, failing to adequately prepare for trail, incorrectly advising him regarding his potential sentence and/or the guideline range, failing to object to the sentencing guidelines, and failing to adequately investigate all potential defenses. Filing 190 at 4. The Court addresses these allegations of ineffectiveness in turn.

    2. *Failure to Investigate*

Defendant first argues his counsel was ineffective for failing to investigate potential evidence in his favor. Filing 190 at 4, 16. Defendant is not entitled to relief on his ineffective-assistance claim involving a failure to investigate because he has not alleged prejudice, and the record demonstrates that the testimony of the suggested witnesses would not have been favorable. "To affirmatively prove prejudice, a petitioner ordinarily must show not only that the testimony of uncalled witnesses would have been favorable, but also that those witnesses would have testified at trial." *Lawrence v. Armontrout*, 900 F.2d 127, 130 (8th Cir. 1990). Additionally, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066, 80 L. Ed. 2d 674. Even if counsel erred and failed to investigate,

> the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial.

*Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). Defendant has not alleged either favorable testimony or the likelihood of testimony, and any such allegation of favorable testimony is contradicted by the record.

Defendant asserts that he instructed his trial counsel to "speak to his brothers, or the counsel, regarding his lack of foreknowledge" to corroborate his claim that "[he] had no knowledge of the planning or execution of a robbery, and . . . believed he was merely providing a ride to his brothers who needed a lift."[2] Filing 190 at 16. Defendant presumably means his brothers would testify favorably on his behalf that he was merely an unwitting driver who knew nothing of the impending robbery. However, his brothers both entered into plea agreements in which they

---

[2] Defendant's two codefendants were his brothers. Filing 117 at 2; Filing 132 at 7; Filing 190 at 16.

5

admitted that they made plans to commit a robbery with Defendant prior to the date of the robbery. *See* Filing 63 at 2 (factual basis of codefendant Gary Fellows's plea agreement stating, "[t]hat prior to December 13, 2018, Gary Fellows, Sidney Britt, and Joshua Britt, made plans to commit a robbery"); Filing 102 at 2 (factual basis of codefendant Sidney Britt's plea agreement stating the same). Indeed, if they testified in accordance with their admissions, such testimony would be unfavorable to Defendant and contradict his assertions; any testimony to the contrary would lack credibility in light of the content of their plea agreements. Accordingly, because Defendant has not alleged that his brothers would have testified favorably on his behalf and because the record would clearly contradict such an allegation, Defendant has not demonstrated prejudice. Further, his attorney's decision not to investigate in light of the codefendants' plea admissions makes further investigation of the matter unreasonable, s*ee Strickland*, 466 U.S. at 691, 104 S. Ct. at 2066, 80 L. Ed. 2d 674, and additional investigation was unlikely to change his counsel's recommendation. *See Hill*, 474 U.S. at 59, 106 S. Ct. at 370, 88 L. Ed. 2d 203. Thus, Defendant's claim of ineffective assistance of counsel on this basis fails.[3]

   3. *Failure to Prepare for Trial*

Defendant next argues his counsel was ineffective for failing prepare for trial. Filing 190 at 4, 14. Defendant has not shown that he was prejudiced by his counsel's alleged failure to prepare for trial because he, under oath, knowingly and voluntarily pled guilty. "To establish prejudice, the defendant must demonstrate a reasonable probability that the result of the proceeding would have been different, but for counsel's deficiency." *United States v. Luke*, 686 F.3d 600, 604 (8th

---

[3] Defendant has not alleged any other instances of failure to investigate. Even if he had, the Court is skeptical that Defendant could "show[] that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment," *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d 674, when his brothers implicated him and four counts of the Superseding Indictment were dismissed in return for his plea of guilty to the first count. Filing 136 at 1.

Cir. 2012). In the guilty plea context, "a defendant must establish a reasonable probability that he would have exercised his right to a trial but for counsel's ineffectiveness." *Watson*, 682 F.3d at 745 (citing *Hill*, 474 U.S. at 57, 106 S. Ct. at 369, 88 L. Ed. 2d 203).

Defendant does not demonstrate or even explain how he was prejudiced by his counsel's alleged failure to prepare for trial. Defendant argues that he should have been "allowed to make his own choices" and "proceed[] to trial" because he "believed himself to be innocent of all of the elements of the offenses charged against him." Filing 190 at 14, 16. However, Defendant waived his right to a trial "voluntarily and completely of [his] own choice, free of any force or threats." *See* Filing 105; Filing 107; Filing 153 at 11-17. There can be no prejudice from failure to prepare for trial when Defendant, of his own volition, chose to plead guilty instead of going to trial all the while understanding the nature of the charge and potential penalties. Furthermore, the record demonstrates that Defendant's trial counsel actively participated in the case at all hearings, filed various motions on his behalf, *see* Filing 71 and Filing 119, and also filed and argued an objection (Filing 117). *See United States v. De Oliveira*, 623 F.3d 593, 597 (8th Cir. 2010) (finding the district court did not abuse its discretion in finding no failure to prepare for trial when defense counsel actively participated in the case). Accordingly, Defendant has not shown prejudice and has failed to demonstrate ineffective assistance of counsel on this ground.[4]

    4. *Advisement of Sentence and/or Guidelines*

Defendant next claims his counsel inaccurately advised him that he would receive a sentence of 84 months. Filing 190 at 4, 14-15, 17-18. However, even assuming Defendant's counsel inaccurately advised him that he would receive an 84-month sentence, Defendant's plea

---

[4] Again, this is particularly true when Defendant received the benefit of the United States dismissing four counts pursuant to the plea agreement. *See* Filing 106 at 1; Filing 136 at 1. All five counts would have carried a guideline range of greater than 300 months of incarceration rather than the maximum potential sentence he faced of 240 months and the 135-month sentence imposed. *Compare* Filing 132 at 18, *with* Filing 133 at 1.

7

of guilty was still voluntary and is valid. "[I]naccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." *United States v. Quiroga*, 554 F.3d 1150, 1155 (8th Cir. 2009); *see also Meza-Lopez v. United States*, 929 F.3d 1041, 1045 (8th Cir. 2019), *cert. denied,* 140 S. Ct. 871, 205 L. Ed. 2d 502 (2020) (concluding that the defendant failed to show his counsel performed deficiently by giving potentially inaccurate advice when the defendant "was informed of the maximum sentence multiple times and stated that he understood").

Defendant's Petition to Enter a Plea of Guilty correctly indicates a statutory maximum term of incarceration of twenty years. Filing 105 at 4. Defendant's Plea Agreement correctly indicates a maximum sentence of twenty years. Filing 106 at 3. That same document also reflects Defendant's agreement that he would receive a term of imprisonment of "not less than 84 months." Filing 106 at 4. At his plea hearing, Defendant was advised that he faced a maximum term of imprisonment of "up to 20 years" and a minimum "term of imprisonment of not less than 84 months." Filing 153 at 5-6. Defendant indicated that he understood those parameters. Filing 153 at 6. Additionally, the Court advised Defendant that he would likely be facing a U.S.S.G. incarceration range of 135 to 168 months with a statutory cap of 240 months. Filing 153 at 8. Defendant stated that he understood that and also understood "that the sentence imposed could be different from the sentence that [he] and [his] lawyer anticipate." Filing 153 at 8-9.

In light of these extensive advisements of the proper statutory sentencing range and clear circuit case law relating to such advisements, Defendant's contentions that his counsel performed deficiently such that he was prejudiced are unavailing. This ground for relief is without merit.

    5.   *Failure to Object to the United States Sentencing Guidelines*

Defendant's counsel did not perform deficiently by failing to object to the U.S.S.G. beyond the objections she made. U.S.S.G. § 1B1.3 describes conduct relevant to guideline calculations and allows for the consideration of "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant" "that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1)(A). Further, "in the case of a jointly undertaken criminal activity," all acts and omissions of others that were (1) within the scope of the jointly undertaken criminal activity, (2) in furtherance of that criminal activity, and (3) reasonably foreseeable in connection with that criminal activity are attributable to the defendant and used in determining the appropriate guideline range. U.S.S.G. § 1B1.3(a)(1)(B).

Defendant argues he merely gave a ride to his brothers and therefore could not have reasonably foreseen all of the criminal conduct in which his brothers engaged. Filing 190 at 4. He argues he was not charged with conspiracy, and thus his brothers' actions—and various sentencing enhancements—are not attributable to him. Filing 190 at 4. However, § 1B1.3(a)(1)(B) explicitly notes that jointly undertaken criminal activity is attributable to the defendant "whether or not charged as a conspiracy" if the conduct was within the scope of and in furtherance of criminal activity and was reasonably foreseeable. And, as discussed above, his brothers both entered into plea agreements in which they admitted that they made plans to commit a robbery with Defendant prior to the date of the robbery. *See* Filing 63 at 2; Filing 102 at 2. As a result, the specific-offense-characteristic enhancements for involvement of a post office, use of a firearm, abduction, carjacking, and amount of loss were (1) within the scope of the previously agreed-upon robbery, (2) in furtherance of that robbery, and (3) reasonably foreseeable as part of the planned robbery.

9

*See* Filing 132 at 9-12 (RPSR stating that codefendants' conduct was relevant and detailing the enhancements). In his signed plea agreement, Defendant even agreed to each of those specific offense characteristics. *See* Filing 106 at 4. Further, his counsel objected to the RPSR, and the Court partially agreed and lowered the U.S.S.G. range. *See* Filing 117; Filing 137 at 1.

Given the RPSR's inclusion of relevant, codefendant conduct that was within the scope and in furtherance of the previously-agreed-upon robbery and was reasonably foreseeable, any objection to the specific-offense characteristics would have been without merit. Accordingly, Defendant's counsel was not deficient in this regard, and Defendant has not demonstrated prejudice. Thus, relief based upon this claim of ineffective assistance is denied.

6. *Failure to Explore and Advise of All Defenses*

Defendant's final argument is that his attorney was ineffective because she failed to advise him that his lack of foreknowledge was a defense. Filing 190 at 4, 16. Defendant has similarly failed to show deficient performance by his counsel or prejudice relating to her alleged failure to advise him of the defense of lack of knowledge. There is a "strong presumption" that counsel's conduct "falls within the wide range of reasonable professional assistance." *Ford*, 917 F.3d at 1020 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065, 80 L.Ed.2d 674).

Upon examination of the record, the Court cannot conclude that Defendant's counsel performed deficiently by failing to discuss any inadequacy of the United States' evidence in regard to Defendant's knowledge or intent. As previously discussed, his brothers both entered into plea agreements in which they admitted that they made plans to commit a robbery with Defendant prior to the date of the robbery. *See* Filing 63 at 2; Filing 102 at 2. The Court declines Defendant's invitation to second-guess his counsel's decision to recommend acceptance of the plea agreement rather than recommending a trial when the two codefendants implicated Defendant and directly

10

contradicted any lack of intent. Even if counsel did err, his brothers' statements prevent the Court from concluding that the error was "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064, 80 L. Ed. 2d 674. Thus, Defendant has not demonstrated deficient performance by counsel. Defendant has also failed to show prejudice because, in light his brothers' statements, he has not shown that he would have gone to trial or received a more favorable outcome.[5] As a result, his final claim of ineffective assistance of counsel is denied.

   7. *Certificate of Appealability*

A petitioner under 28 U.S.C. § 2255 may not appeal an adverse ruling unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). The Court will only grant a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To show the denial of a constitutional right, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000); *see also Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) ("A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings."). Defendant has made no such showing, and no certificate of appealability will issue.

### B. Motions for Counsel, Evidentiary Hearing, and Discovery

---

[5] Further, Defendant was advised of the elements of the offense to which he pled. In his plea agreement, he agreed that he "intentionally obtained property," Filing 106 at 1, and he further indicated he had no questions about the elements after they were explained to him by the Court at his change-of-plea hearing. Filing 153 at 5. He cannot seriously argue that his attorney's failure to advise him of the intent requirement caused him prejudice when he was informed of that element multiple times and still elected to plead guilty.

Related to his post-conviction motion, Defendant seeks appointment of counsel, *see* Filing 196, an evidentiary hearing, *see* Filing 197, and discovery, *see* Filing 200. Pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court "must appoint an attorney to represent a moving party who qualifies" only "[i]f an evidentiary hearing is warranted." In turn, the Court must determine "whether an evidentiary hearing is warranted" "[i]f the motion is not dismissed." Rule 8(a), Rules Governing Section 2255 Proceedings. Similarly, the Court "may, for good cause, authorize a party to conduct discovery" and "must appoint an attorney for the moving party who qualifies" "[i]f necessary for effective discovery." Rule 6(a), Rules Governing Section 2255 Proceedings.

The Court has denied Defendant's post-conviction motion in full and will dismiss it. As a result, no evidentiary hearing is warranted and there is no good cause for discovery. Consequently, the Court need not appoint an attorney when the motion will be dismissed without a hearing or discovery. Thus, Defendants motions for counsel, hearing, and discovery are denied.

### C. Motion for Compassionate Release

Defendant's final motion is his request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(I). Filing 201. As discussed below, the Court denies the motion.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the

12

> unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>     (i) extraordinary and compelling reasons warrant such a reduction;
>     . . . .
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Defendant submitted a request for compassionate release due to the COVID-19 pandemic to the warden of his facility of incarceration on October 12, 2020, *see* Filing 201 at 11, and that request was denied on November 3, 2020. *See* Filing 201 at 10. Defendant appealed that denial on December 7, 2020. *See* Filing 201 at 7. Defendant alleges more than thirty days have passed since that request. Filing 201 at 3. Because it appears the Defendant has exhausted his administrative remedies, the Court will address the Defendant's request for compassionate release.

Defendant pled guilty to Count I of the Superseding Indictment (Filing 76) which alleged a violation of 18 U.S.C. §§ 1951-52: Hobbs Act Robbery. Filing 136 at 1. He was sentenced to 135 months of incarceration on January 15, 2020. Filing 136 at 1-2. Defendant now seeks release from custody due to the coronavirus pandemic. He is thirty-two years old, overweight, and has a history of hypertension. Filing 201 at 5. He contracted COVID-19 in September and still experiences fatigue, shortness of breath, and recurring headaches as a result. Filing 201 at 2. Defendant fears reinfection and feels he would be able to quarantine more effectively and receive better medical treatment at home. Filing 201 at 2.

Accepting all the Defendant's factual allegations as true, the Court cannot conclude that he has shown any extraordinary and compelling reason for a reduction of his sentence or his release from custody to home confinement. Releasing Defendant to home confinement would also be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a), including the "nature

and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." This is particularly true when Defendant has served little more than a year of his 135-month sentence.

For these reasons, Defendant's request for compassionate release is denied.

### III. CONCLUSION

For the foregoing reasons, Defendant's § 2255 Motion, Motion for Appointment of Counsel, Motion for Evidentiary Hearing, Motion for Discovery, and Motion for Compassionate Release are denied.

IT IS ORDERED:

1. Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing 190), Motion for Appointment of Counsel (Filing 196), Motion for Evidentiary Hearing (Filing 197), Motion for Discovery (Filing 200), and Motion for Compassionate Release (Filing 201) are all denied;

2. No certificate of appealability will issue; and

3. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant at the address of record for his current place of incarceration.

Dated this 9th day of March, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge