IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:19-CR-28 |
| vs. | |
| JOSHUA BRITT, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court for consideration of Joshua Britt's letter requesting that he be appointed legal counsel, Filing 241. He alleges his "constitutional right to affective[sic] legal counsel was violated in the beginning stages and processes during court proceedings," and notes he has been submitting motions pro se and has previously requested counsel. Filing 241. Britt previously filed a motion under 28 U.S.C. § 2255 to vacate his sentence and set aside judgment. Filing 190. He also moved for the appointment of counsel, Filing 196; for a hearing, Filing 197; for discovery, Filing 200; and for compassionate release, Filing 200. The Court denied each of Britt's motions and declined to issue a certificate of appealability. Filing 215; Filing 216. Britt appealed. Filing 219. The Eighth Circuit Court of Appeals dismissed the appeal, denied Britt's request for a certificate of appealability, and denied his request for appointed counsel as moot. Filing 226. Britt now again asks this Court to appoint counsel, stating he is "now and has been in need of assistance as to navigating the next steps to [his] ineffective assistance claims." Filing 241.

"[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants." *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999). "A district court may appoint counsel for a habeas petitioner when 'the interests of justice so require.'" *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (quoting 18 U.S.C. § 3006A(a)(2)). "The interests of

1

justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. The appointment of counsel is discretionary when no evidentiary hearing is necessary." *Id.* (citing *Abdullah v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994)).

This Court has already considered and rejected Britt's ineffective assistance of counsel claims, finding he failed to meet the "heavy burden" a defendant must overcome to establish such a claim, and no hearing was required to decide the matter. Filing 215 at 3 (quoting *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996)). The Court further denied Britt a certificate of appealability, finding he had not made even "a substantial showing of the denial of a constitutional right." Filing 215 at 11 (quoting 28 U.S.C. § 2255(c)(2)). The Eighth Circuit similarly denied Britt a certificate of appealability and dismissed his appeal of this Court's rulings. Filing 226. The Court has already determined that the appointment of counsel was not warranted in this case, Filing 215 at 12, and Britt advances no new claims in the letter now before the Court, Filing 241. Thus, the Court remains convinced the interests of justice would not be served by the appointment of counsel. Accordingly,

IT IS ORDERED:

1. Britt's request that he be appointed legal counsel, Filing 241, is denied; and
2. The Clerk of Court is directed to mail a copy of this Memorandum and Order to Defendant at the address of record for his current place of incarceration.

Dated this 22nd day of November, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge